UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TBD BREWING LLC (D/B/A AERONAUT BREWING CO.),<br><br>        Plaintiff,<br><br>v.<br><br>BENJAMIN HOLMES and FERMENTATION ARTS BRASSERIE, LLC<br><br>Defendants. | Case No. 1:20-cv-10072-WGY |

## AFFIDAVIT OF DEFENDANTS BENJAMIN HOLMES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

In support of Defendants' Opposition to Plaintiff TBD Brewing LLC's Motion for Temporary Restraining Order and Preliminary Injunction, and in support of Defendants' Motion for Temporary Restraining Order and Preliminary Injunction against Plaintiff, Defendant Benjamin Holmes (hereinafter "Holmes") hereby deposes and states as follows:

1. Daniel Rassi ("Rassi"), Ronn Friedlander ("Friedlander") and I co-founded, and were the managers of, Plaintiff as a brewery business in 2013, which makes the Aeronaut brand of beers. See Certificate of Organization and Amended Certificate of Organization, copies of which are collectively filed herewith as Exhibit A to Defendants' Opposition to Plaintiff TBD Brewing LLC's Motion for Temporary Restraining Order and Preliminary

1

Injunction and Defendants' Motion for Temporary Restraining Order and Preliminary Injunction.

2. The Third Amendment to Limited Liability Company Operating Agreement effective June 6, 2016, along with the Amended and Restated Limited Liability Company Operating Agreement effective October 27, 2015, redacted copies of which are filed herewith as Exhibit B to Defendants' Opposition to Plaintiff TBD Brewing LLC's Motion for Temporary Restraining Order and Preliminary Injunction and Defendants' Motion for Temporary Restraining Order and Preliminary Injunction, and constitute the current version of the Operating Agreement of the Company, upon my information and belief.

3. Rassi, Friedlander and I had run Plaintiff as the managers, with me as President and CEO. Family and friends of the managers make up some of the members of Plaintiff; and, with the managers, make up most of the percentage interest in Plaintiff. The managers had run Plaintiff.

4. For about the past two years, it is my belief that Rassi and Friedlander have been attempting to force me out of Plaintiff as a manager.

5. I believe that Rassi and Friedlander wronged me by actions involving breach of contract, defamation, improper release of my confidential personal information, and attempting to me freeze out from Plaintiff.

6. Rassi and Friedlander agreed that Rassi, Friedlander and I would enter into mediation.

7. A mediation session was held on May 3, 2018 between Rassi, Friedlander and I, with our counsel.

8. I went on leave from Plaintiff.

9. In December 2019, Plaintiff and I entered into a Buy Out Agreement which stated, in part, that I would resign as a manger of Plaintiff as of January 1, 2020, and that a portion of my membership interest in Plaintiff would be purchased.

10. On December 23, 2019, shortly after the Buy Out Agreement and right before Christmas, Plaintiff's counsel sent a cease and desist letter to me regarding some of the matters in Plaintiff's Complaint.  Plaintiff demanded compliance by December 26, 2019, the day after Christmas.  See Letter from Sofia S. Lingos, Esq. dated December 23, 2019, a copy of which is attached hereto as Exhibit C to Defendants' Opposition to Plaintiff TBD Brewing LLC's Motion for Temporary Restraining Order and Preliminary Injunction and Defendants' Motion for Temporary Restraining Order and Preliminary Injunction.

11. On December 26, 2019, my attorney sent a letter in response, pointing out that Plaintiff's Operating Agreement permits me to operate a competing business such as Defendant FAB, specifically section 6.10, which reads:

> 6.10 *Other Activities*. Members, Managers and any Affiliates of any of them, may engage in and possess interests in other business ventures and investment opportunities of every kind and description, independently or with others, including serving as directors, officers, stockholders, managers, members and general or limited partners of corporations, partnerships or other limited liability companies with purposes similar to those of the LLC. Neither the LLC nor any other Member or Manager shall have any rights in or to such ventures or opportunities or the income or profits therefrom

<u>See</u> Exhibit B; <u>see also</u> Letter from Adam Dash, Esq. dated December 26, 2019, a copy
of which is attached hereto as Exhibit D to Defendants' Opposition to Plaintiff TBD
Brewing LLC's Motion for Temporary Restraining Order and Preliminary Injunction and
Defendants' Motion for Temporary Restraining Order and Preliminary Injunction.

12. In said December 26, 2019 letter from my attorney, I agreed to Plaintiff's main requests
stated in the December 23, 2019 letter about returning my key, returning my cell phone,
fixing the incorrect UPC symbols inadvertently placed on Defendant FAB's beer cans,
and destroying any confidential material belonging to Plaintiff which was in my
possession.  <u>See</u> Exhibits C and D.

13. On December 31, 2019, Plaintiff's counsel sent another letter raising many of the same
issues and adding new ones about artwork and a tax levy.  <u>See</u> Letter from Sofia S.
Lingos, Esq dated December 31, 2019, a copy of which is attached hereto as Exhibit E to
Defendants' Opposition to Plaintiff TBD Brewing LLC's Motion for Temporary
Restraining Order and Preliminary Injunction and Defendants' Motion for Temporary
Restraining Order and Preliminary Injunction.

14. On January 2, 2020, two checks which were due under the Buy Out Agreement to be paid
to me were found slipped under the door of my attorney's office.  Also on January 2,
2020, my attorney wrote a reply letter stating that the checks had been received, again
stating that I would be complying with most of Plaintiff's requests, and asking that I be
given copies of personal which are archived in Plaintiff's email system, and asking for
archives of my past communications and personal documents and records with an
exported Google Drive archive of files owned by Defendant Holmes on Google Apps,
and Gmail ".mbox" backup, which are in possession of Plaintiff.  I also asked for

documentation regarding the tax levy and artwork issues so that I could resolve them. See Letter from Adam Dash, Esq. dated January 2, 2020, a copy of which is attached hereto as Exhibit F to Defendants' Opposition to Plaintiff TBD Brewing LLC's Motion for Temporary Restraining Order and Preliminary Injunction and Defendants' Motion for Temporary Restraining Order and Preliminary Injunction.

15. Plaintiff did not reply to said January 2, 2020 letter, so my attorney called and left a voicemail for Plaintiff's attorney on January 14, 2020 asking why Plaintiff had not replied.

16. On January 15, 2020, Plaintiff's successor counsel called my counsel to say that Plaintiff had filed suit.

17. Defendants have not used Plaintiff's recipes.  I accessed Plaintiff's recipe database fairly regularly during my time working at Plaintiff to check on ingredients for recipes for label purposes, etc. Defendant Holmes did not copy any of Plaintiff's recipes to create the recipes which were used in Defendant FAB's beers.  These were developed in whole part independent of Plaintiff's recipes. Three FAB recipes have been brewed so far. West Coast IPAs called "Balloon Factory", and "Squid Pro Quo" were originally based off of a base recipe, with permission, called "Embarrassment of Riches" from the Dorchester Brewing Co.  Plaintiff has no recipes in its catalog which are identified as "West Coast IPAs", nor to the best of Defendants' knowledge is the traditional West Coast "Chico" yeast used in any of Plaintiff's pale ales.

18. Defendant FAB's cans say "West Coast Style", and the choice to move in a completely new direction was deliberate, with the objective of differentiating Defendant FAB from Plaintiff.

19. Defendant FAB's third recipe, called "Pilsner For Peace", was originally based off of the Dorchester Brewing Co.'s Pilsner recipe, as adapted by Defendant Holmes and used with permission.

20. At no time was any recipe information originating from Plaintiff transferred to the collaborators at Dorchester Brewing Co., or used in recipe design for Defendant FAB beers in any way.

21. I have already requested the return of the cell phone, relabeled the UPC codes on cans to the extent possible, and destroyed confidential information of Plaintiff in Defendants' possession.

22. Defendants has not used Plaintiff's event statistics, mailing list or information assets in any way in the formation or operation of Defendant FAB. As part of my role with Plaintiff, I have frequently, over the past six years, accessed this data in bulk for various reasons, related to analysis and statistics, for reporting purposes to track the success of Plaintiff, including various metrics related to repeat customer rate, engagement and retention. In point of fact, I had been informed by Rassi and Friedlander that I would be allowed to download backups of Plaintiff's data in lieu of keeping a corporate "Google Apps" IT account.

23. Regarding the wrong UPC codes being used on Defendant FAB beers, it should be noted that mistakes like this are fairly common. In fact, Plaintiff accidentally used a Down the Road Brewing Company UPC code on one of Plaintiff's beers, and allowed that product to remain on the shelves without a recall. Conversely, Defendant FAB has taken actions to correct the erroneous inclusion of a Plaintiff UPC code on a Defendant FAB can label by relabeling all cans on the market and in distribution channels that Defendants could

locate.  Some cans in transit could have escaped Defendants' attempts to correct the issue, and Defendants are willing to do so if those cans are pointed out to Defendants, as requested by Defendants in the recent letters  See Labels with corrected UPC codes, attached hereto as Exhibit G to Defendants' Opposition to Plaintiff TBD Brewing LLC's Motion for Temporary Restraining Order and Preliminary Injunction and Defendants' Motion for Temporary Restraining Order and Preliminary Injunction, and see also Exhibits D and F.

24. I have used my email and document accounts at Plaintiff for certain personal matters. Plaintiff has locked me out of the system, so that I cannot access said personal emails and documents, which is a hardship to me.  I asked for said emails and documents in the recent letters, but Plaintiff has failed to provide them.  See Exhibits D and F.

25. Rassi and Friedlander were aware of Defendant Holmes' plans to open a brewery called FAB as early as 2018 when they discussed same with Christine Platzek, who is Defendant Holmes' wife, and with a contractor.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 16TH DAY OF JANUARY, 2020.

_____
Benjamin Holmes


## CERTIFICATE OF SERVICE

I, Adam Dash, attorney for Defendants Benjamin Holmes and Fermentation Arts Brasserie, LLC, hereby certify that the above document was served on Plaintiff's counsel by hand and via email on this January 16, 2020.

_____
Adam Dash, Esq.  BBO#557239
Adam Dash & Associates
48 Grove Street, Suite 304
Somerville, MA 02144
(617) 625-7373
dash@adamdashlaw.com